## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 7921 | DATE | 10/13/2004 |
| CASE TITLE | Cokenour vs. Household Intl | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing set for 11/09/04 is stricken. Fairness hearing set for 11/22/04 at 9:00 a.m. Plaintiffs' motion for an order preliminary approving settlement, certifying the class and setting a time and date for the fairness hearing is granted. Enter Findings and order preliminary certifying a class for settlement purposes, preliminarily approving proposed settlement, approving form and dissemination of class notice, and setting date for the hearing on final approval.
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | OCT 14 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | JXM | 129 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 2004 OCT 14 AM 8:07 | | |
| MW | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | |
| | | | mailing deputy initials | |

DOCKETED
OCT 1 4 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|   |   |
|---|---|
| IN RE HOUSEHOLD INTERNATIONAL, INC. ERISA LITIGATION | MASTER FILE: 02 C 7921 <br><br> Hon. Samuel Der-Yeghiayan |
| THIS DOCUMENT RELATES TO: <br><br> ALL ACTIONS |  |

**FINDINGS AND ORDER PRELIMINARILY CERTIFYING A CLASS FOR SETTLEMENT PURPOSES, PRELIMINARILY APPROVING PROPOSED SETTLEMENT, APPROVING FORM AND DISSEMINATION OF CLASS NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL**

This litigation involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, *et seq.* (*"ERISA"*), with respect to the Household International, Inc. Tax Reduction Investment Plan (the *"Plan"*).[1]

Presented to the *Court* for preliminary approval is a settlement of the litigation as against all *Defendants*. The terms of the *Settlement* are set out in a Class Action Settlement Agreement dated  October 8, 2004  (the *"Settlement Agreement"*), executed by counsel on behalf of the *Named Plaintiffs* and the *Defendants*.

On October 13, 2004, the *Court* preliminarily considered the *Settlement* to determine, among other things, whether to certify a class for settlement purposes only and whether the *Settlement* is sufficient to warrant the issuance of notice to members of the *Settlement Class*. Upon reviewing the *Settlement Agreement* and the matter having come before the *Court*,

---

[1] Capitalized and italicized terms not otherwise defined in this Order shall have the same meaning as ascribed to them in the *Settlement Agreement*.



it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. **Class Findings:** Solely for the purposes of the *Settlement*, the *Court* preliminarily finds that the requirements of the Federal Rules of Civil Procedure, the United States Constitution, the Rules of the *Court* and any other applicable law have been met as to the "*Settlement Class*" defined below, in that:

   A. All findings in this Section 1 are based on the submissions to the *Court*, including the *Settlement Agreement*. These findings are not based upon any admissions, representations, assertions, or arguments by the *Defendants* that a class can, should, or would be certified in the *Action*, and these findings are made while preserving fully the *Defendants'* rights to argue, in the event that the *Settlement* does not become *Final* or is terminated pursuant to the *Settlement Agreement*, that no class can or should be certified in the *Action*.

   B. The *Court* preliminarily finds that, as required by Rule 23(a)(1), the *Settlement Class* is ascertainable from records kept with respect to the *Plan* and from other objective criteria, and the members of the *Settlement Class* are so numerous that their joinder before the *Court* would be impracticable.

   C. The *Court* preliminarily finds that, as required by Rule 23(a)(2), there are one or more questions of fact and/or law common to the *Settlement Class*.

   D. The *Court* preliminarily finds that, as required by Rule 23(a)(3), the claims of the *Named Plaintiffs* are typical of the claims of the *Settlement Class*.

   E. The *Court* preliminarily finds, as required by Rule 23(a)(4), that the *Named Plaintiffs* will fairly and adequately protect the interests of the *Settlement Class* in

that (*i*) the interests of *Named Plaintiffs* and the nature of their alleged claims are consistent with those of the members of the *Settlement Class*, (*ii*) there appear to be no conflicts between or among the *Named Plaintiffs* and the *Settlement Class*, and (*iii*) the *Named Plaintiffs* and the members of the *Settlement Class* are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated *ERISA* class actions.

F. The *Court* preliminarily finds that, as required by Rule 23(b)(1), the prosecution of separate actions by individual members of the *Settlement Class* would create a risk of (i) inconsistent or varying adjudications as to individual class members, that would establish incompatible standards of conduct for the parties opposing the claims asserted in the *ERISA Action* or (ii) adjudications as to individual class members that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede those persons' ability to protect their interests.

G. The *Court* preliminarily finds that, as required by Rule 23(b)(2), the *Defendants* have acted or did not act on grounds generally applicable to the *Settlement Class*, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the *Settlement Class* as a whole.

H. The *Court* preliminarily finds that, as required by Rule 23(g), *Co-Lead Counsel* are capable of fairly and adequately representing the interests of the *Settlement Class*, in that *Co-Lead Counsel* have done extensive work identifying or investigating potential claims in the action, and have litigated the validity of those claims at the motion to dismiss stage of this case; *Co-Lead Counsel* are experienced in handling class actions

3

and claims of the type asserted in the *Action*; *Co-Lead Counsel* are knowledgeable of the applicable law; and *Co-Lead Counsel* have committed the necessary resources to represent the *Settlement Class*.

2. **Class Certification** – Based solely on the findings set forth in Section 1 above, and not on any admissions, representations, assertions, or arguments by the *Defendants*, the *Court* preliminarily certifies the following class for settlement purposes under Fed. R. Civ. P. 23(b)(1) and/or (b)(2) and 23(e) in this litigation (the "*Settlement Class*"): All Participants and former participants in the *Plan* for whose individual accounts the *Plan* purchased and/or held interests in the Household International, Inc. Common Stock Fund at any time during the period July 23, 2001 through and including March 28, 2003, or the beneficiaries of such participants or former participants. Excluded from the *Settlement Class* are *Defendants* herein, directors of Household, members of their *Immediate Families*, and the heirs, successors or assigns of the foregoing.

The *Court* appoints *Named Plaintiffs* as the class representatives for the *Settlement Class*, and *Co-Lead Counsel* as counsel for the *Settlement Class*.

3. **Preliminary Findings Regarding Proposed Settlement** – The *Court* preliminarily finds that (*i*) the proposed *Settlement* resulted from extensive arm's-length negotiations, (*ii*) the *Settlement Agreement* was executed only after counsel for *Named Plaintiffs* had conducted pre-settlement discovery, (*iii*) counsel for *Named Plaintiffs* have concluded that the *Settlement Agreement* is fair, reasonable and adequate, and (*iv*) the *Settlement* evidenced by the *Settlement Agreement* is sufficiently fair, reasonable, and adequate to warrant sending notice of the *Settlement* to the *Settlement Class*.

4. **Fairness Hearing** – A hearing is scheduled for November 22, 2004 at 9:00 A.m (the "*Fairness Hearing*") to determine, among other things:

- Whether the *Settlement* should be approved as fair, reasonable and adequate;
- Whether the litigation should be dismissed with prejudice as to the *Defendants* pursuant to the terms of the *Settlement*;
- Whether the notice, summary notice and notice methodology implemented pursuant to the *Settlement Agreement* (*i*) constituted the best practicable notice, (*ii*) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the *Settlement Class* of the pendency of the litigation, their right to object to the *Settlement*, and their right to appear at the *Fairness Hearing*, (*iii*) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice and (*iv*) met all applicable requirements of the Federal Rules of Civil Procedure, and any other applicable law;
- Whether *Co-Lead Counsel* adequately represented the *Settlement Class* for purposes of entering into and implementing the *Settlement Agreement*;
- Whether the *Plan of Allocation* should be approved;
- Whether the application for attorneys' fees and expenses filed by *Co-Lead Counsel* should be approved; and
- Whether the application for compensation for *Named Plaintiffs* should be approved.

5. **Class Notice** – The *Parties* have presented to the *Court* a proposed form of *Class Notice*, which is appended hereto as Exhibit A. With respect to such form of *Class Notice*, the *Court* finds that such form fairly and adequately (a) describes the terms and effect of the *Settlement Agreement* and of the *Settlement*, (b) notifies the *Settlement Class* concerning the proposed *Plan of Allocation*, (c) notifies the *Settlement Class* that *Class Counsel* will seek compensation from the *Settlement Fund* for the *Named Plaintiffs*, for reimbursement of non-

taxable costs of litigation, and for attorneys fees not to exceed 30% of the *Settlement Amount*, (d) gives notice to the *Settlement Class* of the time and place of the *Fairness Hearing*, and (e) describes how the recipients of the *Class Notice* may object to any of the relief requested. The *Parties* have proposed the following manner of communicating the notice to members of the *Settlement Class*, and the *Court* finds that such proposed manner is the best notice practicable under the circumstances, and directs that *Co-Lead Counsel* shall:

- By no later than 30 days before the *Fairness Hearing*, cause the *Class Notice*, with such non-substantive modifications thereto as may be agreed upon by the *Parties* and presented to the Court, to be mailed, by first-class mail, postage prepaid, to the last known address of each *Person* within the *Settlement Class* who can be identified by reasonable effort. *Defendants* shall use commercially reasonable efforts to assist *Co-Lead Counsel* in promptly obtaining the names and last known addresses of the members of the *Settlement Class*. The names and addresses *Co-Lead Counsel* obtain pursuant to this order shall be used solely for the purpose of providing notice of this *Settlement* and for no other purpose.

- By no later than 30 days before the *Fairness Hearing*, cause the *Class Notice* to be published on each website identified in the *Class Notice*.

- By no later than 30 days before the *Fairness Hearing*, cause a summary notice in the form attached hereto as Exhibit B, with such non-substantive modifications thereto as may be agreed upon by the *Parties* and presented to the *Court*, to be published on at least one occasion in the Wall Street Journal (National Edition) and on at least one occasion in USA Today.

At or before the *Fairness Hearing*, *Co-Lead Counsel* shall file with the *Court* a proof of timely compliance with the foregoing mailing and publication requirements.

6. **Objections to Settlement** – Any member of the *Settlement Class* who wishes to object to the fairness, reasonableness or adequacy of the *Settlement*, to the *Plan of Allocation*, to any term of the *Settlement Agreement*, to the proposed award of attorneys' fees and expenses, or to any request for compensation for the *Named Plaintiffs* may file an Objection. An objector must file with the *Court* a statement of his, her, or its objection(s), specifying the reason(s), if any, for each such objection made, including any legal support and/or evidence that such objector wishes to bring to the *Court's* attention or introduce in support of such objection. The objector must also mail copies of the objection and all supporting law and/or evidence to *Co-Lead Counsel* and to counsel for the *Defendants*. The addresses for filing objections with the Court and service on counsel are as follows:

> Clerk of the Court
> United States District Court
>   for the Northern District of Illinois
> Everett McKinley Dirksen Building
> 20th Floor
> 219 South Dearborn Street
> Chicago, IL 60604
> Re: Case No. 02 C 7921

To Plaintiffs' *Co-Lead Counsel*:

> Lynn Lincoln Sarko, Esq.
> T. David Copley, Esq.
> Laurie B. Ashton, Esq.
> Keller Rohrback L.L.P.
> 1201 Third Avenue, Suite 3200
> Seattle, WA 98101-3052
>
> Edwin J. Mills, Esq.
> Stull, Stull & Brody
> 6 East 45th Street
> New York, NY 10017

7

To *Defendants'* Counsel:

> David R. Gelfand, Esq.
> Michael L. Hirschfeld, Esq.
> Douglas W. Henkin, Esq.
> Milbank, Tweed, Hadley & McCloy LLP
> 1 Chase Manhattan Plaza
> New York, NY 10005
>
> Nathan P. Eimer, Esq.
> Adam B. Deutsch, Esq.
> Eimer Stahl Klevorn & Solberg LLP
> 224 South Michigan Tower
> Suite 1100
> Chicago, IL 60604
>
> Michael P. Roche, Esq.
> Winston & Strawn LLP
> 35 W. Wacker Drive
> Chicago, IL 60601

The objector or his, her, or its counsel (if any) must effect service of copies of the objection on counsel listed above and file it with the *Court* by no later than seven (7) days before the date of the *Fairness Hearing*. If an objector hires an attorney to represent him, her, or it for the purposes of making such objection pursuant to this paragraph (or for reviewing discovery materials pursuant to paragraph 8 below), the attorney must both effect service of a notice of appearance on counsel listed above and file it with the *Court* by no later than seven (7) days before the date of the *Fairness Hearing*. Any member of the *Settlement Class* or other *Person* who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the *Settlement*, and any untimely objection shall be barred.

7. **Appearance at Fairness Hearing** – Any objector who files and serves a timely, written objection in accordance with paragraph 6 above may also appear at the *Fairness Hearing*

8

either in person or through counsel retained at the objector's expense. Objectors or their attorneys intending to appear at the *Fairness Hearing* must effect service of a notice of intention to appear setting forth, among other things, the name, address, and telephone number of the objector (and, if applicable, the name, address, and telephone number of the objector's attorney) on *Co-Lead Counsel* and *Defendants'* counsel (at the addresses set out above) and file it with the *Court* by no later than seven (7) days before the date of the *Fairness Hearing*. Any objector who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the *Fairness Hearing*, except for good cause shown.

8. **Access to Discovery Materials** –Prior to the *Fairness Hearing* and upon agreeing to be bound by any confidentiality agreement or stipulation under which discovery materials have been produced in the *Action*, a member of the *Settlement Class* (and his, her, or its counsel, if any) will be provided access, at his or her own expense, by *Co-Lead Counsel* to the discovery materials in the *Action* for the sole purpose of assessing the *Settlement Agreement*. The discovery materials shall be made available for inspection at the offices of *Co-Lead Counsel* in Seattle, Washington.

9. **Notice Expenses** – The expenses of printing and mailing and publishing all notices required hereby shall be paid from the *Settlement Fund* as provided in Section 8.1 of the *Settlement Agreement*.

10. **Service of Papers** –*Defendants'* counsel and *Co-Lead Counsel* shall promptly furnish each other with copies of any and all objections that come into their possession.

11. **Termination of Settlement** – This Order shall become null and void, and shall be without prejudice to the rights of the *Parties*, all of whom shall be restored to their respective positions existing immediately before this *Court* entered this Order, if the *Settlement* is

terminated in accordance with the *Settlement Agreement*. In such event, Section 9 of the *Settlement Agreement* shall govern the rights of the *Parties*.

12. **Use of Order** – This Order shall not be construed or used as an admission, concession, or declaration by or against *Defendants* of any fault, wrongdoing, breach, or liability. This Order shall not be construed or used as an admission, concession, or declaration by or against *Named Plaintiffs* or the *Settlement Class* that their claims lack merit or that the relief requested in the *Action* is inappropriate, improper or unavailable, or as a waiver by any party of any arguments, defenses, or claims he, she, or it may have, including, but not limited to, any objections by *Defendants* to class certification in the event that the *Settlement Agreement* is terminated.

13. **Continuance of Hearing** – The *Court* reserves the right to continue the *Fairness Hearing* without further written notice.

SO ORDERED this 13th day of October, 2004.

_____
HON. SAMUEL DER-YEGHIAYAN
United States District Judge

\\krfile\data\Clients\25913\1\Settlement\FINALPrelimApproval.100604.doc