**FILED**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS NOV 1 6 2004
EASTERN DIVISION

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

|  |  |  |
|---|---|---|
| IN RE HOUSEHOLD INTERNATIONAL, INC. ERISA LITIGATION | ) ) ) ) ) | MASTER FILE: 02 C 7921 |
| | ) ) | Hon. Samuel Der-Yeghiayan |
| THIS DOCUMENT RELATES TO: | ) ) | |
| ALL ACTIONS | ) ) ) | NOV 2 3 2004 |

## PLAINTIFFS' MOTION FOR ENTRY OF ORDER AND FINAL JUDGMENT

Plaintiffs Michael Cokenour and Arthur Ray Herrington, Jr., by and through undersigned

Co-Lead Counsel, respectfully move the Court to enter the Order And Final Judgment, a copy of

which was submitted to the Court as Exhibit 2.2.3 to the Class Action Settlement Agreement

between Plaintiffs and Defendants dated October 8, 2004 (the "Settlement Agreement"), filed

with the Court on October 8, 2004. A copy of the Order and Final Judgment is also attached

hereto as Exhibit 1.

The settlement -- in the amount of $46,500,000 -- provides substantial benefits to the Plan

and the entire Class, and removes the delay, risk of non-recovery and expense inherent in a

complex ERISA case such as this.

In support of this Motion, Plaintiffs submit (1) the accompanying Memorandum in

Support, (2) the Declaration of Gary V. McGowan, (3) the Declaration of Jennifer Keough, (4)

the Declaration of Lynn Lincoln Sarko, (5) the Declaration of Michael Cokenour, and (6) the

Declaration of Arthur Ray Herrington, Jr.

A proposed form of Order is attached hereto for the Court's consideration.

1

Respectfully submitted this ___16th___ day of November, 2004.

**SUSMAN & WATKINS**
Charles R. Watkins
John R. Wylie
Two First National Plaza, Suite 600
Chicago, IL 60603
(312) 346-3466

*Co-Liaison Counsel for Plaintiffs*

**KELLER ROHRBACK L.L.P.**
Lynn Lincoln Sarko
T. David Copley
Laurie B. Ashton
Jennefer A. Fallat
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
Telephone: (206) 623-1900 (Seattle)
Telephone: (602) 248-0088 (Phoenix)
Facsimile: (206) 623-3384 (Seattle)
Facsimile: (602) 248-2822 (Phoenix)

**STULL, STULL & BRODY**
Edwin J. Mills
6 East 45th Street
New York, NY 10017
(212) 687-7230

*Co-Lead Counsel for Plaintiffs*

**ROBERT D. ALLISON & ASSOC.**
122 South Michigan Avenue, Suite 1850
Chicago, IL 60603
Telephone: (312) 427-7600
Facsimile: (312) 427-1850

*Co-Liaison Counsel for Plaintiffs*

2

**ELLIOT ZINGER & ASSOCIATES**
Elliot R. Zinger
100 N. LaSalle St.
Chicago, IL 60602
Telephone: (773) 878-5600
Facsimile: (773) 878-5542

**SCHIFFRIN & BARROWAY**
Joseph Meltzer
Three Bala Plaza East, Suite 400
Bala Cynwyd, PA 19004
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

*Additional Counsel for Plaintiffs*

\\krfile\data\Clients\25913\1\Settlement\motion.final approval.doc

3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

)
IN RE HOUSEHOLD                              )
INTERNATIONAL, INC. ERISA                    )        MASTER FILE: 02 C 7921
LITIGATION                                   )
                                             )        Hon. Samuel Der-Yeghiayan
_____             )
                                             )
THIS DOCUMENT RELATES TO:                    )
                                             )
ALL ACTIONS                                  )
                                             )
_____             )

## ORDER AND FINAL JUDGMENT

This *Action* came on for a Fairness Hearing on a proposed settlement (the "*Settlement*").

The issues having been duly heard and a decision having been duly reached,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

Except as otherwise defined herein, all capitalized and italicized terms used herein shall

have the same meanings as are ascribed to them in the Class Action Settlement Agreement

between *Plaintiffs* and *Defendants* dated October 8, 2004 (the "*Settlement Agreement*").

1.      The *Court* has jurisdiction over the subject matter of the *Action* and over all

parties to the *Action*, including all members of the *Settlement Class*.

2.      Pursuant to Fed. R. Civ. P. 23(e)(1)(A) and (C), the *Court* hereby approves and

confirms the *Settlement* embodied in the *Settlement Agreement* as being a fair, reasonable, and

adequate settlement and compromise of the claims asserted in the *Action*.

3.      The *Court* hereby approves the *Settlement Agreement* and orders that the

*Settlement Agreement* shall be consummated and implemented in accordance with its terms and

conditions.

4.      Subject only to the provisions of paragraph 10 below, and for settlement purposes only, the *Court* hereby grants class certification to the class of persons defined as "All participants and former participants in the *Plan* for whose individual accounts the *Plan* purchased and/or held interests in the Household International, Inc. Common Stock Fund at any time during the period July 23, 2001 through and including March 28, 2003, or the beneficiaries of such participants or former participants" (the "*Settlement Class*"). Excluded from the *Settlement Class* are *Defendants* herein, directors of Household, members of their *Immediate Families*, and the heirs, successors or assigns of any of the foregoing. Michael Cokenour and Arthur Ray Herrington, Jr. (the "*Named Plaintiffs*") are appointed as *Class* representatives, and *Co-Lead Counsel* are appointed as class counsel pursuant to Fed. R. Civ. P. 23(g).

5.      Subject only to the provisions of paragraph 10 below, and for settlement purposes only, the *Court* finds that the *Class* is properly certified under Fed. R. Civ. P. 23(a)(1-4), (b)(1), (b)(2), (c)(1)(B), (e), and (g), and makes the following findings of fact, conclusions of law, and determinations of mixed fact/law questions:

A.      The *Settlement Class* is so numerous that it is impractical to bring all class members before the *Court* individually. IRS Forms 5500 filed by the *Plan* indicate that there are likely more than 20,000 *Settlement Class* members, and for the purposes of the *Settlement* the *Defendants* do not dispute this estimate. The size of this group satisfies Fed. R. Civ. P. 23(a)(1).

B.      The *Settlement Class* allegations present common questions of law or fact in satisfaction of Rule 23(a)(2). Questions of law and fact that are common to the *Settlement Class* include:

- Whether the *Defendants* breached fiduciary obligations to the *Plan* and participants by causing the *Plan* to offer the Household International, Inc. Common Stock Fund as an investment option for the *Plan* at a time when the

2

*Defendants* knew or should have known that Household common stock was not a prudent investment for the *Plan*;

- Whether the *Defendants* breached fiduciary obligations to the *Plan* and participants by causing the Household International, Inc. Common Stock Fund to make and maintain investments in Household stock, instead of cash or the Vanguard Money Market Prime Account, at such time as it was no longer prudent to do so;

- Whether the *Defendants* breached fiduciary obligations to the *Plan* and participants by providing incomplete and inaccurate public information to participants regarding Household common stock;

- Whether *Defendants* Household and Aldinger breached fiduciary obligations to the *Plan* and participants by failing to prudently monitor the other *Defendants*, such that the *Plan* and participants' interests were not adequately protected and served; and

- Whether as a result of fiduciary breaches engaged in by the *Defendants* the *Plan* and its participants and beneficiaries suffered losses.

C.     Fed. R. Civ. P. 23(a)(3) requires that the claims of the proposed representative plaintiffs be typical of the claims of the proposed class. That requirement is satisfied where the claims of the proposed representative plaintiffs arise from the same alleged course of conduct that gives rise to the claims of the proposed *Settlement Class* members, and where the claims are based on the same legal theory. In the present case, the *Named Plaintiffs* allege, among other things, that they were *Plan* participants or beneficiaries during the *Class Period*, that the *Plan's* fiduciaries treated them and all other *Plan* participants alike, and that *Plan*-wide relief is necessary and appropriate under *ERISA*. Under these circumstances, the claims asserted by the *Named Plaintiffs* are sufficiently typical of the claims asserted by the *Settlement Class* as a whole to satisfy Fed. R. Civ. P. 23(a)(3).

D.     The requirements of Fed. R. Civ. P. 23(a)(4) are also satisfied. The *Named Plaintiffs* have no conflicting interests with absent members of the *Settlement Class*. The

3

*Court* is satisfied that *Co-Lead Counsel* are qualified, experienced, and prepared to represent the *Settlement Class* to the best of their abilities.

E.      The *Settlement Class* not only satisfies each requirement of Fed. R. Civ. P. 23(a), but also the requirements of Fed. R. Civ. P. 23(b)(1). Given the nature of an *ERISA* claim which authorizes plan-wide relief, there is a risk that failure to certify the *Settlement Class* would leave future plaintiffs without relief. There is also a risk of inconsistent dispositions that might prejudice the *Defendants*: contradictory rulings as to whether various *Defendants* had, in this context, acted as fiduciaries, or whether the *Plan's* continued investment in Household common stock was prudent would create difficulties in implementing such decisions. This is an appropriate case for class certification under Fed. R. Civ. P. 23(b)(1).

F.      Class certification is also appropriate under Fed. R. Civ. P. 23(b)(2). *Plaintiffs* allege that the *Defendants* have "acted or refused to act on grounds generally applicable to the class" by their management of the *Plan*, which gives rise to claims for *Plan*-wide relief. *Plaintiffs* therefore seek injunctive, declaratory, and equitable monetary relief for the *Settlement Class*, which is the type of claim properly certifiable under Fed. R. Civ. P. 23(b)(2).

G.      The *Court* has also considered each of the elements required by Fed. R. Civ. P. 23(g) in order to ensure that *Co-Lead Counsel* will fairly and adequately represent the interests of the *Settlement Class*. *Co-Lead Counsel* who seek to represent the *Settlement Class* in this matter have done substantial work to identify or investigate potential claims in the *Action*. They have refined the allegations through a *Consolidated Complaint*. The *Court* recently upheld certain claims asserted in the *Consolidated Complaint* in the face of *Defendants'* motion to dismiss. *Co-Lead Counsel* state that they have investigated the allegations made in the *Consolidated Complaint* by interviewing witnesses, reviewing publicly available information,

4

reviewing millions of pages of documents obtained in the course of discovery, and consulting with experts. This is the type of investigation that is proper and sufficient at this stage of litigation, which tends to support the *Court's* finding that *Co-Lead Counsel* will fairly and adequately represent the interests of the *Settlement Class*. *Co-Lead Counsel* has experience in handling class actions, other complex litigation, and claims of the type asserted in this *Action*. *Co-Lead Counsel* has also demonstrated knowledge of the applicable law. Finally, *Co-Lead Counsel* has devoted considerable resources to this litigation, including the efficient delegation of work and responsibility among partners, associates, paralegals, document clerks, and third party vendors, and among the offices of *Co-Lead Counsel* Keller Rohrback L.L.P. and Stull, Stull & Brody and the offices of *Co-Liaison Counsel* Susman & Watkins and Robert D. Allison & Associates in Chicago, Illinois. The *Court* concludes that efficient use of the various resources available to *Co-Lead Counsel* has been sufficient to represent the interests of the *Settlement Class*.

    H.  The *Settlement Class* has been given proper and adequate notice of the *Settlement Agreement*, the *Fairness Hearing, Co-Lead Counsel's* application for attorneys' fees and expenses and for *Named Plaintiff* compensation, and the *Plan of Allocation*, such notice having been carried out in accordance with the *Preliminary Approval Order*. Such notice included individual notice to all members of the *Settlement Class* who could be identified through reasonable efforts and provided valid, due, and sufficient notice of these proceedings and of the matters set forth therein, and included information regarding the procedure for the making of objections. Such notice fully satisfied the requirements of Fed. R. Civ. P. 23 and the requirements of due process.

I.　　The *Defendants* have not taken any position with regard to whether a class

can, should, or would be certified if that question were fully litigated before the *Court*. In

approving this *Settlement*, neither the *Court* nor the *Plaintiffs* have relied on any position taken

or argument made by the *Defendants* with respect to class certification.

J.　　Neither the *Plaintiffs* nor the *Defendants* have, for the purposes of any

form of estoppel, "prevailed" upon any argument or position related to class certification asserted

in the *Court* with respect to this *Action* and the *Plaintiffs* would not be prejudiced if (i) this

*Settlement* were not approved or such approval were reversed on appeal and (ii) the *Defendants*

later objected to the certification of any proposed class in this *Action*.

6.　　Subject only to the provisions of paragraph 10 below, the *Court* finds that the

*Settlement* embodied in the *Settlement Agreement* is fair, reasonable, and adequate, based on the

following findings of fact, conclusions of law, and determinations of mixed fact/law questions:

A.　　The *Settlement* was negotiated vigorously and at arm's-length by the

*Named Plaintiffs* and their experienced counsel on behalf of the *Settlement Class* seeking plan-

wide relief for the *Plan* pursuant to *ERISA* §§ 409 and 502(a)(2).

B.　　This case settled close to the end of discovery, after the *Court* had already

ruled on the *Defendants'* motion to dismiss, after the completion of significant document

discovery, and after the *Named Plaintiffs* had completed and produced two proposed expert

reports on the issue of liability. Both *Named Plaintiffs* and *Defendants* were well positioned to

evaluate the settlement value of the *Action*.

C.　　If the *Settlement* had not been achieved, both *Named Plaintiffs* and

*Defendants* faced the expense, risk, and uncertainty of extended litigation. *Named Plaintiffs*

contend that their chances of success at trial were excellent in view of, *inter alia*, (i) alleged

6

favorable determinations of legal issues in similar cases, (ii) the expert testimony that *Named Plaintiffs* expected to offer at trial, (iii) the structure of the *Plan* and its administration (in which Household named some of its key senior executives as fiduciaries for the *Plan*), and (iv) what *Named Plaintiffs* characterize as compelling documents and testimony that would be offered at trial. *Defendants* contend that their chances of success at trial were excellent in view of, *inter alia*, (i) alleged legal presumptions favoring the offering of company stock in *ERISA* plans, (ii) what *Defendants* characterize as *Named Plaintiffs'* high burden of proof at trial, (iii) the expert testimony that *Defendants* expected to offer at trial, (iv) other possible explanations for the *Plan's* alleged losses unrelated to actions or inactions of the *Plan's* fiduciaries, and (v) alleged favorable determinations of legal issues in similar cases. The *Court* takes no position on merits of either *Named Plaintiffs'* or *Defendants'* case, but notes these arguments as evidence in support of the reasonableness of the *Settlement*.

D.      The amount of the *Settlement* — $46,500,000 — is fair, reasonable, and adequate. The *Settlement* amount is within the range of settlement values obtained in similar cases and is within the range of reasonable settlements that would have been appropriate in this case.

E.      At all times, the *Named Plaintiffs* have acted independently.

F.      The *Court* has duly considered each objection to the *Settlement* that was filed, and the *Court* denies each objection.

7. Subject only to the provisions of paragraph 10 below, the *Action* is hereby dismissed with prejudice, each party to bear his, her, or its own costs, except as expressly provided herein.

8. Subject only to the provisions of paragraph 10 below, by operation of this Judgment, the members of the *Settlement Class*, each on their own behalf and on behalf of their respective

7

heirs, executors, administrators, past and present partners, officers, directors, agents, attorneys, predecessors, and assigns, finally and forever release the *Releasees* from all *Released Claims,* and the *Defendants,* each on their own behalf and on behalf of their respective heirs, executors, administrators, past and present partners, officers, directors, agents, attorneys, predecessors, and assigns, finally and forever release the *Plaintiff Releasees* from all *Claims* relating to the institution or prosecution of the *Action* or the settlement of any *Released Claims.* Each of the *Releasees* also releases each of the other *Releasees* from any and all *Claims* which were or could have been asserted in the *Complaint* or any pleading which could or would have been required to be filed in the *Action* or that would be barred by principles of *res judicata* had the claims asserted in the *Complaint* or any such other pleading been fully litigated and resulted in a *Final* judgment or order. The Court hereby approves and incorporates the *Releases* contained in the *Settlement Agreement.*

9. The *Court* shall retain exclusive jurisdiction to resolve any disputes or challenges that may arise as to the performance of the *Settlement Agreement* or any challenges as to the performance, validity, interpretation, administration, enforcement, or enforceability of the *Class Notice,* this Judgment, or the *Settlement Agreement* or the termination of the *Settlement Agreement.* The *Court* shall also retain exclusive jurisdiction over and rule by separate order with respect to (i) the *Plan of Allocation* that has been proposed by *Named Plaintiffs* and (ii) all applications for awards of attorneys' fees and reimbursements of expenses made pursuant to Section 10.1 of the *Settlement Agreement.*

10. In the event that the *Settlement Agreement* is terminated in accordance with its terms, (i) this Judgment shall be rendered null and void and shall be vacated *nunc pro tunc,* (ii) the *Action* shall proceed as provided in the *Settlement Agreement,* (iii) the *Defendants* shall be

8

permitted to object to the certification of any proposed class in this *Action*, and (iv) the

*Defendants* shall not be judicially or equitably estopped from arguing against the certification of

any class in this *Action*.

11. This Judgment shall not be construed or used as an admission, concession, or

declaration by or against *Plaintiffs* or *Defendants* of any fault, wrongdoing, breach, or liability.


SO ORDERED this ___ day of _____, 2004.


_____
HON. SAMUEL DER-YEGHIAYAN
UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

\\krfile\data\Clients\25913\1\Settlement\FINALOrderAndFinalJudgment100604.doc

9