FILED
NOV 16 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE HOUSEHOLD INTERNATIONAL, INC. ERISA LITIGATION | MASTER FILE: 02 C 7921 |
| | Judge Samuel Der-Yeghiayan |
| THIS DOCUMENT RELATES TO: ALL ERISA ACTIONS | |

## PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION COSTS AND EXPENSES, AND FOR NAMED PLAINTIFFS' COMPENSATION

Plaintiffs have negotiated, and presented to the Court for its consideration on Motion for Final Approval, a $46,500,000 settlement in favor of the proposed Class. This settlement, if approved, will create a "common fund" for the benefit of the Class from which it would be appropriate to compensate the attorneys for the Class, reimburse them for reasonable litigation expenses, and provide compensation to the Named Plaintiffs.

Specifically, Plaintiffs ask:

(1) that Class Counsel be paid a contingent fee of 30%, which is fair and reasonable under all the facts and circumstances of this case;

(2) that Class Counsel be reimbursed litigation expenses totaling $388,115.06; and

(3) that each Class Representative be compensated $10,000 for his services to the Class in the course of this litigation.

In support of this Motion, Plaintiffs submit (1) the accompanying Memorandum in Support, (2) the Affidavit of Lowell E. Sachnoff, (3) the Declaration of Lynn Lincoln Sarko, (4) the Declaration of Edwin J. Mills, (5) the Affidavit of John Wylie, (6) the Declaration of Michael Cokenour, and (7) the Declaration of Arthur Ray Herrington, Jr.

1

As discussed below in detail, each of these requests is fully supported by the record and is fully consistent with controlling Seventh Circuit authority. And the overwhelming majority of Class Members concur. Of the more than 23,000 class members who received personal notice of the settlement and the fees requested herein, only two (2) voiced any objection at all, and neither of the objections provides persuasive reasoning that a lesser fee is appropriate.

A proposed form of Order is attached hereto for the Court's consideration.

Respectfully submitted this ____16th____ day of November, 2004

_____
**SUSMAN & WATKINS**
Charles R. Watkins
John R. Wylie
Two First National Plaza, Suite 600
Chicago, IL 60603
(312) 346-3466

*Co-Liaison Counsel for Plaintiffs*

**KELLER ROHRBACK L.L.P.**
Lynn Lincoln Sarko
T. David Copley
Laurie B. Ashton
Jennefer A. Fallat
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
Telephone: (206) 623-1900 (Seattle)
Telephone: (602) 248-0088 (Phoenix)
Facsimile: (206) 623-3384 (Seattle)
Facsimile: (602) 248-2822 (Phoenix)

**STULL, STULL & BRODY**
Edwin J. Mills
6 East 45th Street
New York, NY 10017
(212) 687-7230

*Co-Lead Counsel for Plaintiffs*

**ROBERT D. ALLISON & ASSOC.**
122 South Michigan Avenue, Suite 1850
Chicago, IL  60603
Telephone:  (312) 427-7600
Facsimile:  (312) 427-1850

*Co-Liaison Counsel for Plaintiffs*

**ELLIOT ZINGER & ASSOCIATES**
Elliot R. Zinger
100 N. LaSalle St.
Chicago, IL  60602
Telephone: (773) 878-5600
Facsimile: (773) 878-5542

**SCHIFFRIN & BARROWAY**
Joseph Meltzer
Three Bala Plaza East, Suite 400
Bala Cynwyd, PA  19004
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

*Additional Counsel for Plaintiffs*

N:\CLIENTS\25913\1\SETTLEMENT\MOTION FOR FEES.DOC

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE HOUSEHOLD INTERNATIONAL, INC. ERISA LITIGATION | ) ) ) ) ) | MASTER FILE: 02 C 7921 <br><br> Hon. Samuel Der-Yeghiayan |
| THIS DOCUMENT RELATES TO: <br><br> ALL ACTIONS | ) ) ) ) ) ) | |

ORDER GRANTING PLAINTIFFS' MOTION
FOR AN AWARD OF ATTORNEYS' FEES,
REIMBURSEMENT OF LITIGATION COSTS AND EXPENSES,
AND FOR NAMED PLAINTIFFS' COMPENSATION

This matter comes before the Court on the Plaintiff's Motion for an Award of Attorneys' Fees, Reimbursement of Litigation Costs and Expenses, and for Named Plaintiffs' Compensation. Pursuant to the Court's Preliminary Approval Order and the Notice provided to the Class, the Court conducted a hearing on these issues, under Fed. R. Civ. P. 23(e), on November 22, 2004.

The Court has reviewed the materials submitted by the parties, and has heard arguments presented at such hearing. For the reasons cited on the record as well as those stated hereafter, the Court finds and orders as follows:

For the reasons set forth in Plaintiff's Motion for an Award of Attorneys' Fees, Reimbursement of Litigation Costs and Expenses, and for Named Plaintiffs' Compensation, and the memorandum, affidavits and declarations presented in support of same, Plaintiffs' motion is granted.

1

Specifically, the Court finds based on the evidence presented and the Court's awareness of the market, that a 30% fee is at or below the market rate for this and similar litigation, is fully supported by the Seventh Circuit's decision in *In re Synthroid Marketing Litig.*, 264 F.3d 712 (7th Cir. 2001) (*Synthroid I*), and is otherwise appropriate. *See also In re Synthroid Marketing Litig.*, 325 F.3d 974 (7th Cir. 2003) (*Synthroid II*). Class Counsel presented sworn testimony and other evidence demonstrating that no competent attorney would have taken this case on any basis other than a contingent fee basis. Class representatives Michael Cokenour and Arthur Ray Herrington, Jr. testified that they would not have hired Class Counsel on an hourly basis. The Court is further aware that Class Counsel are highly experienced in ERISA pension benefit cases and have testified that they have not and would not accept a similar case on any basis other than a contingency fee basis. Accordingly, the Court hereby awards Class Counsel, as an attorneys' fee in this case, 30% of the $46.5 million common fund created for the benefit of the Class.

Further, the Court finds based on the evidence presented that Class Counsel advanced and incurred reasonable and necessary costs in the amount of $458,238.74 (which includes $70,123.68 for the cost of Class Notice, reimbursement of which the Court approved previously). The expenses incurred are the type of expenses common in large commercial litigation, the type commonly incurred by counsel in such cases, and the type commonly reimbursed by clients and by order of courts managing class action litigation. See *Synthroid I*, 264 F.3d at 722 (expenses are reimbursable if they are "normal in commercial practice"; *i.e.,* expenses that "private clients in large class actions (auctions and otherwise) pay"). At this time, the Court awards Class Counsel, as reimbursement of litigation expenses incurred for the benefit of the Class, $388,115.06.

2

The Named Plaintiffs are hereby awarded incentive fees of $10,000 each for their time and effort in pursuing this litigation, to be paid in addition to the attorney fee and costs awards.

SO ORDERED this ___ day of _____, 2004.

---

HON. SAMUEL DER-YEGHIAYAN
UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

\\krfile\data\Clients\25913\1\Settlement\fee.order.doc