Minute Order Form (08/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 7921 | **DATE** | 11/22/2004 |
| **CASE TITLE** | Cokenour vs. Household | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Status hearing held. Plaintiffs' motions for entry of an order and final judgment; for award of attorneys' fees, reimbursement of litigation expenses and for named plaintiffs' compensation and plaintiffs' motion for approval of plan of allocation are granted. All pending dates and motions are hereby stricken as moot. Terminating case. Enter Orders and Final Judgment.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | Document Number |
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | NOV 2 3 2004 | | |
| | Notified counsel by telephone. | | date docketed | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | | 141 |
| | Mail AO 450 form. | | | | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | NOV 2 3 2004 | | |
| MW6 | courtroom deputy's initials | 2004 NOV 22 PM 4:42 | date mailed notice | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE HOUSEHOLD INTERNATIONAL, INC. ERISA LITIGATION | ) ) ) ) | MASTER FILE: 02 C 7921 |
| | ) | Hon. Samuel Der-Yeghiayan |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | ) ) ) ) ) | |

NOV 2 3 2004

## ORDER AND FINAL JUDGMENT

This *Action* came on for a Fairness Hearing on a proposed settlement (the *"Settlement"*). The issues having been duly heard and a decision having been duly reached,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

Except as otherwise defined herein, all capitalized and italicized terms used herein shall have the same meanings as are ascribed to them in the Class Action Settlement Agreement between *Plaintiffs* and *Defendants* dated October 8, 2004 (the *"Settlement Agreement"*).

1.     The *Court* has jurisdiction over the subject matter of the *Action* and over all parties to the *Action*, including all members of the *Settlement Class*.

2.     Pursuant to Fed. R. Civ. P. 23(e)(1)(A) and (C), the *Court* hereby approves and confirms the *Settlement* embodied in the *Settlement Agreement* as being a fair, reasonable, and adequate settlement and compromise of the claims asserted in the *Action*.

3.     The *Court* hereby approves the *Settlement Agreement* and orders that the *Settlement Agreement* shall be consummated and implemented in accordance with its terms and conditions.

4.      Subject only to the provisions of paragraph 10 below, and for settlement purposes only, the *Court* hereby grants class certification to the class of persons defined as "All participants and former participants in the *Plan* for whose individual accounts the *Plan* purchased and/or held interests in the Household International, Inc. Common Stock Fund at any time during the period July 23, 2001 through and including March 28, 2003, or the beneficiaries of such participants or former participants" (the "*Settlement Class*"). Excluded from the *Settlement Class* are *Defendants* herein, directors of Household, members of their *Immediate Families*, and the heirs, successors or assigns of any of the foregoing. Michael Cokenour and Arthur Ray Herrington, Jr. (the "*Named Plaintiffs*") are appointed as *Class* representatives, and *Co-Lead Counsel* are appointed as class counsel pursuant to Fed. R. Civ. P. 23(g).

5.      Subject only to the provisions of paragraph 10 below, and for settlement purposes only, the *Court* finds that the *Class* is properly certified under Fed. R. Civ. P. 23(a)(1-4), (b)(1), (b)(2), (c)(1)(B), (e), and (g), and makes the following findings of fact, conclusions of law, and determinations of mixed fact/law questions:

A.      The *Settlement Class* is so numerous that it is impractical to bring all class members before the *Court* individually. IRS Forms 5500 filed by the *Plan* indicate that there are likely more than 20,000 *Settlement Class* members, and for the purposes of the *Settlement* the *Defendants* do not dispute this estimate. The size of this group satisfies Fed. R. Civ. P. 23(a)(1).

B.      The *Settlement Class* allegations present common questions of law or fact in satisfaction of Rule 23(a)(2). Questions of law and fact that are common to the *Settlement Class* include:

- Whether the *Defendants* breached fiduciary obligations to the *Plan* and participants by causing the *Plan* to offer the Household International, Inc. Common Stock Fund as an investment option for the *Plan* at a time when the

2

*Defendants* knew or should have known that Household common stock was not a prudent investment for the *Plan*;

- Whether the *Defendants* breached fiduciary obligations to the *Plan* and participants by causing the Household International, Inc. Common Stock Fund to make and maintain investments in Household stock, instead of cash or the Vanguard Money Market Prime Account, at such time as it was no longer prudent to do so;

- Whether the *Defendants* breached fiduciary obligations to the *Plan* and participants by providing incomplete and inaccurate public information to participants regarding Household common stock;

- Whether *Defendants* Household and Aldinger breached fiduciary obligations to the *Plan* and participants by failing to prudently monitor the other *Defendants*, such that the *Plan* and participants' interests were not adequately protected and served; and

- Whether as a result of fiduciary breaches engaged in by the *Defendants* the *Plan* and its participants and beneficiaries suffered losses.

C.    Fed. R. Civ. P. 23(a)(3) requires that the claims of the proposed representative plaintiffs be typical of the claims of the proposed class. That requirement is satisfied where the claims of the proposed representative plaintiffs arise from the same alleged course of conduct that gives rise to the claims of the proposed *Settlement Class* members, and where the claims are based on the same legal theory. In the present case, the *Named Plaintiffs* allege, among other things, that they were *Plan* participants or beneficiaries during the *Class Period*, that the *Plan's* fiduciaries treated them and all other *Plan* participants alike, and that *Plan*-wide relief is necessary and appropriate under *ERISA*. Under these circumstances, the claims asserted by the *Named Plaintiffs* are sufficiently typical of the claims asserted by the *Settlement Class* as a whole to satisfy Fed. R. Civ. P. 23(a)(3).

D.    The requirements of Fed. R. Civ. P. 23(a)(4) are also satisfied. The *Named Plaintiffs* have no conflicting interests with absent members of the *Settlement Class*. The

*Court* is satisfied that *Co-Lead Counsel* are qualified, experienced, and prepared to represent the *Settlement Class* to the best of their abilities.

E. The *Settlement Class* not only satisfies each requirement of Fed. R. Civ. P. 23(a), but also the requirements of Fed. R. Civ. P. 23(b)(1). Given the nature of an *ERISA* claim which authorizes plan-wide relief, there is a risk that failure to certify the *Settlement Class* would leave future plaintiffs without relief. There is also a risk of inconsistent dispositions that might prejudice the *Defendants*: contradictory rulings as to whether various *Defendants* had, in this context, acted as fiduciaries, or whether the *Plan's* continued investment in Household common stock was prudent would create difficulties in implementing such decisions. This is an appropriate case for class certification under Fed. R. Civ. P. 23(b)(1).

F. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(2). *Plaintiffs* allege that the *Defendants* have "acted or refused to act on grounds generally applicable to the class" by their management of the *Plan*, which gives rise to claims for *Plan*-wide relief. *Plaintiffs* therefore seek injunctive, declaratory, and equitable monetary relief for the *Settlement Class*, which is the type of claim properly certifiable under Fed. R. Civ. P. 23(b)(2).

G. The *Court* has also considered each of the elements required by Fed. R. Civ. P. 23(g) in order to ensure that *Co-Lead Counsel* will fairly and adequately represent the interests of the *Settlement Class*. *Co-Lead Counsel* who seek to represent the *Settlement Class* in this matter have done substantial work to identify or investigate potential claims in the *Action*. They have refined the allegations through a *Consolidated Complaint*. The *Court* recently upheld certain claims asserted in the *Consolidated Complaint* in the face of *Defendants'* motion to dismiss. *Co-Lead Counsel* state that they have investigated the allegations made in the *Consolidated Complaint* by interviewing witnesses, reviewing publicly available information,

reviewing millions of pages of documents obtained in the course of discovery, and consulting with experts. This is the type of investigation that is proper and sufficient at this stage of litigation, which tends to support the *Court's* finding that *Co-Lead Counsel* will fairly and adequately represent the interests of the *Settlement Class*. *Co-Lead Counsel* has experience in handling class actions, other complex litigation, and claims of the type asserted in this *Action*. *Co-Lead Counsel* has also demonstrated knowledge of the applicable law. Finally, *Co-Lead Counsel* has devoted considerable resources to this litigation, including the efficient delegation of work and responsibility among partners, associates, paralegals, document clerks, and third party vendors, and among the offices of *Co-Lead Counsel* Keller Rohrback L.L.P. and Stull, Stull & Brody and the offices of *Co-Liaison Counsel* Susman & Watkins and Robert D. Allison & Associates in Chicago, Illinois. The *Court* concludes that efficient use of the various resources available to *Co-Lead Counsel* has been sufficient to represent the interests of the *Settlement Class*.

        H.     The *Settlement Class* has been given proper and adequate notice of the *Settlement Agreement,* the *Fairness Hearing, Co-Lead Counsel's* application for attorneys' fees and expenses and for *Named Plaintiff* compensation, and the *Plan of Allocation*, such notice having been carried out in accordance with the *Preliminary Approval Order*. Such notice included individual notice to all members of the *Settlement Class* who could be identified through reasonable efforts and provided valid, due, and sufficient notice of these proceedings and of the matters set forth therein, and included information regarding the procedure for the making of objections. Such notice fully satisfied the requirements of Fed. R. Civ. P. 23 and the requirements of due process.

I. The *Defendants* have not taken any position with regard to whether a class can, should, or would be certified if that question were fully litigated before the *Court*. In approving this *Settlement*, neither the *Court* nor the *Plaintiffs* have relied on any position taken or argument made by the *Defendants* with respect to class certification.

J. Neither the *Plaintiffs* nor the *Defendants* have, for the purposes of any form of estoppel, "prevailed" upon any argument or position related to class certification asserted in the *Court* with respect to this *Action* and the *Plaintiffs* would not be prejudiced if (i) this *Settlement* were not approved or such approval were reversed on appeal and (ii) the *Defendants* later objected to the certification of any proposed class in this *Action*.

6. Subject only to the provisions of paragraph 10 below, the *Court* finds that the *Settlement* embodied in the *Settlement Agreement* is fair, reasonable, and adequate, based on the following findings of fact, conclusions of law, and determinations of mixed fact/law questions:

A. The *Settlement* was negotiated vigorously and at arm's-length by the *Named Plaintiffs* and their experienced counsel on behalf of the *Settlement Class* seeking plan-wide relief for the *Plan* pursuant to *ERISA* §§ 409 and 502(a)(2).

B. This case settled close to the end of discovery, after the *Court* had already ruled on the *Defendants'* motion to dismiss, after the completion of significant document discovery, and after the *Named Plaintiffs* had completed and produced two proposed expert reports on the issue of liability. Both *Named Plaintiffs* and *Defendants* were well positioned to evaluate the settlement value of the *Action*.

C. If the *Settlement* had not been achieved, both *Named Plaintiffs* and *Defendants* faced the expense, risk, and uncertainty of extended litigation. *Named Plaintiffs* contend that their chances of success at trial were excellent in view of, *inter alia,* (i) alleged

favorable determinations of legal issues in similar cases, (ii) the expert testimony that *Named Plaintiffs* expected to offer at trial, (iii) the structure of the *Plan* and its administration (in which Household named some of its key senior executives as fiduciaries for the *Plan*), and (iv) what *Named Plaintiffs* characterize as compelling documents and testimony that would be offered at trial. *Defendants* contend that their chances of success at trial were excellent in view of, *inter alia*, (i) alleged legal presumptions favoring the offering of company stock in *ERISA* plans, (ii) what *Defendants* characterize as *Named Plaintiffs'* high burden of proof at trial, (iii) the expert testimony that *Defendants* expected to offer at trial, (iv) other possible explanations for the *Plan's* alleged losses unrelated to actions or inactions of the *Plan's* fiduciaries, and (v) alleged favorable determinations of legal issues in similar cases. The *Court* takes no position on merits of either *Named Plaintiffs'* or *Defendants'* case, but notes these arguments as evidence in support of the reasonableness of the *Settlement*.

      D.      The amount of the *Settlement* — $46,500,000 — is fair, reasonable, and adequate. The S*ettlement* amount is within the range of settlement values obtained in similar cases and is within the range of reasonable settlements that would have been appropriate in this case.

      E.      At all times, the *Named Plaintiffs* have acted independently.

      F.      The *Court* has duly considered Mr. Sanford A. Ramras's oral objection to the *Settlement*, and the *Court* denies that objection.

    7.    Subject only to the provisions of paragraph 10 below, the *Action* is hereby dismissed with prejudice, each party to bear his, her, or its own costs, except as expressly provided herein.

    8.    Subject only to the provisions of paragraph 10 below, by operation of this Judgment, the members of the *Settlement Class*, each on their own behalf and on behalf of their respective

heirs, executors, administrators, past and present partners, officers, directors, agents, attorneys, predecessors, and assigns, finally and forever release the *Releasees* from all *Released Claims,* and the *Defendants*, each on their own behalf and on behalf of their respective heirs, executors, administrators, past and present partners, officers, directors, agents, attorneys, predecessors, and assigns, finally and forever release the *Plaintiff Releasees* from all *Claims* relating to the institution or prosecution of the *Action* or the settlement of any *Released Claims*. Each of the *Releasees* also releases each of the other *Releasees* from any and all *Claims* which were or could have been asserted in the *Complaint* or any pleading which could or would have been required to be filed in the *Action* or that would be barred by principles of *res judicata* had the claims asserted in the *Complaint* or any such other pleading been fully litigated and resulted in a *Final* judgment or order. The Court hereby approves and incorporates the *Releases* contained in the *Settlement Agreement.*

9.   The *Court* shall retain exclusive jurisdiction to resolve any disputes or challenges that may arise as to the performance of the *Settlement Agreement* or any challenges as to the performance, validity, interpretation, administration, enforcement, or enforceability of the *Class Notice*, this Judgment, or the *Settlement Agreement* or the termination of the *Settlement Agreement*. The *Court* shall also retain exclusive jurisdiction over and rule by separate order with respect to (i) the *Plan of Allocation* that has been proposed by *Named Plaintiffs* and (ii) all applications for awards of attorneys' fees and reimbursements of expenses made pursuant to Section 10.1 of the *Settlement Agreement.*

10. In the event that the *Settlement Agreement* is terminated in accordance with its terms, (i) this Judgment shall be rendered null and void and shall be vacated *nunc pro tunc*, (ii) the *Action* shall proceed as provided in the *Settlement Agreement*, (iii) the *Defendants* shall be

permitted to object to the certification of any proposed class in this *Action*, and (iv) the

*Defendants* shall not be judicially or equitably estopped from arguing against the certification of

any class in this *Action*.

11. This Judgment shall not be construed or used as an admission, concession, or

declaration by or against *Plaintiffs* or *Defendants* of any fault, wrongdoing, breach, or liability.

SO ORDERED this **22** day of *November*, 2004.

HON. SAMUEL DER-YEGHIAYAN
UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

9

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE HOUSEHOLD INTERNATIONAL, INC. ERISA LITIGATION | ) ) ) ) ) | MASTER FILE: 02 C 7921 |
| | ) | Hon. Samuel Der-Yeghiayan |
| THIS DOCUMENT RELATES TO: | ) ) | |
| ALL ACTIONS | ) ) ) | |

### ORDER APPROVING PLAN OF ALLOCATION

*Co-Lead Counsel* having presented the *Plan of Allocation* outlined herein for the *Court's* consideration and approval, the *Court* being fully advised in the premises and good cause appearing therefor,

**IT IS HEREBY ORDERED ADJUDGED AND DECREED:**

1.    The *Court* has jurisdiction over the *Action* and over all of the parties thereto, including all members of the *Settlement Class*. Except as otherwise defined herein, all capitalized and italicized terms used herein shall have the same meanings as are ascribed to them in the Class Action Settlement Agreement between *Named Plaintiffs* and *Defendants* dated October 8, 2004 (the "*Settlement Agreement*").

2.    The Court has previously authorized *Co-Lead Counsel* to disperse from the *Settlement Fund* money to pay the reasonable costs of the *Class Notice* and to pay taxes and other expenses of the *Settlement Fund*. By separate Order, the Court will address Plaintiffs' applications for payment of attorneys' fees and expenses and for payment of *Named Plaintiff* compensation. As set forth in section 8.2.4 of the *Settlement Agreement*, the *Net Proceeds* of the

1

*Settlement* shall be distributed to the *Plan* for allocation to *Plan* participants, former *Plan* participants, and beneficiaries by the Vanguard Fiduciary Trust Company as the *Plan* trustee. The *Plan* trustee shall treat the *Net Proceeds,* which are made to restore losses to the *Plan* resulting from actions by one or more *Plan* fiduciaries for which there is a reasonable risk of liability for breach of fiduciary duty under Title I of ERISA, and which are intended to treat similarly situated *Plan* participants and former participants (and the beneficiaries of such participants and former participants) in similar ways, as restorative payments consistent with Revenue Ruling 2002-45, 2002-2 C.B. 116, 2002 WL 1378252.

     3.     The *Plan* trustee shall allocate the *Net Proceeds* of the *Settlement* pursuant to the following guidelines, which shall be referred to hereafter as the *Plan of Allocation:*

     A.    Using the *Plan's* records, the *Plan* trustee shall identify each member of the *Settlement Class.* The *Settlement Class* is defined as: "All participants and former participants in the *Plan* for whose individual accounts the *Plan* purchased and/or held interests in the Household International, Inc. Common Stock Fund at any time during the period July 23, 2001 through and including March 28, 2003, or the beneficiaries of such participants or former participants. Excluded from the *Settlement Class* are *Defendants* herein, directors of Household, members of their *Immediate Families*, and the heirs, successors or assigns of any of the foregoing."

     B.    An *"Alleged Net Loss"* shall be calculated for each member of the *Settlement Class. Alleged Net Loss* shall be equal to (a) the dollar amount of a participant or former participant's *Plan* account balance invested in the Household International, Inc. Common Stock Fund on July 23, 2001, *plus* (b) the dollar

amount added to a participant or former participant's *Plan* account balance invested in the Household International, Inc. Common Stock Fund at any time during the period July 23, 2001 through and including March 28, 2003, *minus* (c) the dollar amount of a participant or former participant's *Plan* account balance invested in the Household International, Inc. Common Stock Fund on March 28, 2003, and *minus* (d) the dollar amount of all dispositions of the Household International, Inc. Common Stock Fund credited to a participant or former participant's *Plan* account balance at any time during the period July 23, 2001 through and including March 28, 2003. If the foregoing difference is less than or equal to zero for any member of the *Settlement Class*, the *Alleged Net Loss* for that member of the *Settlement Class* shall be $0.

C. The *Alleged Net Losses* of the *Settlement Class* members shall be aggregated.

D. Each *Settlement Class* member will be assigned an *Alleged Net Loss Percentage*, showing his, her or its *Alleged Net Loss* as a percentage of the aggregated *Alleged Net Losses* of the entire *Settlement Class*.

E. The *Plan* trustee shall allocate to each *Settlement Class* member a share of the *Net Proceeds* (less the *Plan* expenses reasonably and necessarily incurred in implementing the *Plan of Allocation*), multiplied by the *Settlement Class* member's *Alleged Net Loss Percentage* ("*Class Member Share*"). *Class Member Shares* shall be rounded to the nearest whole penny.

F. The *Plan* trustee shall distribute *Class Member Shares* by depositing *Class Member Shares* into the *Plan* accounts of each *Settlement Class Member*.

G. If the *Plan* trustee, in consultation with the *Plan's* named fiduciaries,

determines that it is in the *Plan's* best interest to issue checks to *Settlement*

*Class* members who are former *Plan* participants or the beneficiaries of

current or former *Plan* participants, the *Plan* trustee may do so provided that

such *Settlement Class* members are fully advised concerning how to preserve

for their *Class Member Shares*, to the maximum degree possible, the tax

benefits associated with *ERISA*-qualified plans.


SO ORDERED this **22** day of **November** 2004.


Samuel Der-Yeghiayan
HON. SAMUEL DER-YEGHIAYAN
UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| IN RE HOUSEHOLD INTERNATIONAL, INC. ERISA LITIGATION | MASTER FILE: 02 C 7921 |
| | Hon. Samuel Der-Yeghiayan |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

## ORDER GRANTING PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION COSTS AND EXPENSES, AND FOR NAMED PLAINTIFFS' COMPENSATION

This matter comes before the Court on the Plaintiff's Motion for an Award of Attorneys' Fees, Reimbursement of Litigation Costs and Expenses, and for Named Plaintiffs' Compensation. Pursuant to the Court's Preliminary Approval Order and the Notice provided to the Class, the Court conducted a hearing on these issues, under Fed. R. Civ. P. 23(e), on November 22, 2004.

The Court has reviewed the materials submitted by the parties, and has heard arguments presented at such hearing. The Court has considered the written objections of Mr. David Anderson and Mr. John Blenke and the oral objection of Mr. Sanford A. Ramras. For the reasons cited on the record as well as those stated hereafter, the Court denies the objections and finds and orders as follows:

For the reasons set forth in Plaintiff's Motion for an Award of Attorneys' Fees, Reimbursement of Litigation Costs and Expenses, and for Named Plaintiffs'

Compensation, and the memorandum, affidavits and declarations presented in support of same, Plaintiffs' motion is granted.

Specifically, the Court finds based on the evidence presented and the Court's awareness of the market, that a 30% fee is at or below the market rate for this and similar litigation, is fully supported by the Seventh Circuit's decision in *In re Synthroid Marketing Litig.*, 264 F.3d 712 (7th Cir. 2001) (*Synthroid I*), and is otherwise appropriate. *See also In re Synthroid Marketing Litig.*, 325 F.3d 974 (7th Cir. 2003) (*Synthroid II*). Class Counsel presented sworn testimony and other evidence demonstrating that no competent attorney would have taken this case on any basis other than a contingent fee basis. Class representatives Michael Cokenour and Arthur Ray Herrington, Jr. testified that they would not have hired Class Counsel on an hourly basis. The Court is further aware that Class Counsel are highly experienced in ERISA pension benefit cases and have testified that they have not and would not accept a similar case on any basis other than a contingency fee basis. Accordingly, the Court hereby awards Class Counsel, as an attorneys' fee in this case, 30% of the $46.5 million common fund created for the benefit of the Class.

Further, the Court finds based on the evidence presented that Class Counsel advanced and incurred reasonable and necessary costs in the amount of $458,238.74 (which includes $70,123.68 for the cost of Class Notice, reimbursement of which the Court approved previously). The expenses incurred are the type of expenses common in large commercial litigation, the type commonly incurred by counsel in such cases, and the type commonly reimbursed by clients and by order of courts managing class action litigation. See *Synthroid I*, 264 F.3d at 722 (expenses are reimbursable if they are

"normal in commercial practice"; *i.e.,* expenses that "private clients in large class actions (auctions and otherwise) pay"). At this time, the Court awards Class Counsel, as reimbursement of litigation expenses incurred for the benefit of the Class, $388,115.06.

The Named Plaintiffs are hereby awarded incentive fees of $10,000 each for their time and effort in pursuing this litigation, to be paid in addition to the attorney fee and costs awards.

SO ORDERED this **22** day of *November*, 2004.

HON. SAMUEL DER-YEGHIAYAN
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS

3